UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| OUVREZ LAMONT DONALD | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:00-cv-448 |
| | ) | 3:98-cr-102 |
| | ) | *Jarvis* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM OPINION**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Ouvrez Lamont Donald ("Donald"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Donald's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Donald "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United*

*States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the RULES GOVERNING SECTION 2255 PROCEEDINGS IN THE UNITED STATES DISTRICT COURTS, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Donald is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Donald pleaded guilty to one count of interference with interstate commerce by robbery, in violation of 18 U.S.C. § 1951, and two counts of using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). He was sentenced to consecutive terms of imprisonment of 60 and 240 months on the two firearm convictions and a consecutive term of imprisonment of 33 months on the robbery conviction, for a total effective sentence of 333 months.

In support of his § 2255 motion to vacate sentence, Donald alleges that his guilty plea was not voluntary because of ineffective assistance of counsel, and that counsel failed to explain the nexus of interstate commerce with respect to the robbery charge. Donald also alleges the court lacked jurisdiction to convict him of the robbery charge.

III. Discussion

### A. *Involuntary Guilty Plea / Ineffective Assistance of Counsel*

In *Strickland v. Washington*, 466 U.S. 668 (1984) the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Donald must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

Donald alleges his guilty plea was involuntary because it was made without an understanding of the nature of the charges or the consequences of pleading guilty. He also

claims that his attorney coerced him into pleading guilty and that counsel failed to explain the nexus of interstate commerce with respect to the robbery charge.

Donald signed a plea agreement, in which he acknowledged, in pertinent part, the following:

> 6. The defendant acknowledges that his attorney has fully explained the nature of the charges, the potential penalties, and any defenses that he might have. The defendant further acknowledges that his attorney has fully explained that any second or subsequent conviction under 18 U.S.C. § 924(c) carries a term of imprisonment of twenty years, and each and every term of imprisonment imposed under that statute must be served consecutively to all other terms of imprisonment imposed in the case. The defendant further acknowledges that in order to be convicted of the charges set forth in Count Twenty-three of the Indictment, the United States must prove beyond a reasonable doubt that: (1) defendant did take or obtain personal property from the person or in the presence of another, against his will, by means of actual or threatened force and violence, or fear of injury, to his person or property, or property in his custody or possession; and (2) defendant obstructed, delayed or affected commerce or the movement of any article or commodity in commerce, by robbery. The defendant further acknowledges that in order to be convicted of the charges set forth in Counts Four and Twenty-four, the government must prove beyond a reasonable doubt that the defendant willfully and knowingly used and carried a firearm, namely a handgun, during and in relation to crimes of violence, that is, attempted robbery and robbery, violations of 18 U.S.C. § 1951.
>
> 7. The defendant acknowledges that he understands he has a right to persist in pleas of not guilty and the right to a jury trial at which he would have the right to assistance of counsel, the right to confront and cross-examine adverse witnesses, and the right against compelled self-incrimination. The defendant further acknowledges that he understands that if his guilty plea is accepted by the court, there will be no jury trial and by pleading guilty he waives his right to a jury trial. The defendant further acknowledges that he understands that the court may question him under oath, on the record, and in the presence of counsel about offenses to which he will be pleading guilty and his answers could later be used against him in a prosecution for perjury or false statement. The defendant further acknowledges that he is entering his plea of guilty voluntarily and not as a result of force or threats nor as a result of any promises by any agent of the government apart from this plea agreement.

[Criminal Action No. 3:98-cr-102, Court File No. 96, Plea Agreement filed June 2, 1999, pp. 3-4].

In accepting Donald's guilty plea, the court fully complied with the plea colloquy procedure as mandated by Rule 11 of the FEDERAL RULES OF CRIMINAL PROCEDURE. At the time, Donald and the court specifically engaged in the following exchange:

> THE COURT: The court has just been informed that you wish to change your plea to a plea of guilty. Before accepting your guilty plea, there are a number of questions that I must ask you to assure the court that your plea will be a valid one. You understand that the court reporter is recording my questions and will record your answers?
>
> MR. DONALD: Yes, sir.
>
> THE COURT: If you answer any of my questions falsely, your answers maybe [sic] used against you in another prosecution for perjury.
>
> MR. DONALD: Yes, sir.
>
> THE COURT: Are you known by any other names?
>
> MR. DONALD: No, sir.
>
> THE COURT: And how far did you go in school?
>
> MR. DONALD: 12th.
>
> THE COURT: Did you complete the 12th grade?
>
> MR. DONALD: Not all of the way. I have like a –
>
> THE COURT: You have a GED?
>
> MR. DONALD: No, sir.
>
> THE COURT: How old are you?
>
> MR. DONALD: 25.

      THE COURT: Have you ever been treated for any mental illnesses?

      MR. DONALD: No, sir.

      THE COURT: Have you ever been treated for any additions to narcotics drugs [sic] of any kind?

      MR. DONALD: No, sir.

      THE COURT: Or alcohol?

      MR. DONALD: No, sir.

      THE COURT: Have you taken any drugs, medicines, pills or alcoholic beverages of any kind in the last 24 hours?

      MR. DONALD: No, sir.

      THE COURT: Do you understand what is happening here today?

      MR. DONALD: Yes, sir.

      THE COURT: Mr. Poston, do you consider the defendant competent to enter a plea of guilty this afternoon?

      MR. POSTON: Yes, I do, Your Honor.

      THE COURT: Mr. Donald, have you received a copy of the indictment that has been returned against you?

      MR. DONALD: Yes, sir.

      THE COURT: Have you had ample opportunity to discuss the charges against you and your case with Mr. Poston?

      MR. DONALD: Yes, sir.

      THE COURT: And have you told Mr. Poston everything you know about the case?

      MR. DONALD: Everything, sir.

THE COURT: Do you believe that Mr. Poston is fully aware of all of the facts on which these charges are based?

MR. DONALD: Yes, sir.

THE COURT: And has Mr. Poston advised you of the nature and meaning of the charges contained in the indictment?

MR. DONALD: Yes, sir.

THE COURT: And has he explained the meaning of any words that you may not have understood?

MR. DONALD: Yes, sir.

THE COURT: Now, Mr. Poston, has Mr. Poston specifically advised you as to every element of the offenses charged that the government must prove beyond a reasonable doubt in order to obtain a conviction against you.

MR. DONALD: Yes, sir.

THE COURT: Has Mr. Poston advised you as to any defense that you may have to these charges?

MR. DONALD: Yes, sir.

THE COURT: I understand that you have entered into a plea agreement with the government that has been handed up to the court. Has Mr. Poston explained the terms of the plea agreement to you?

MR. DONALD: Yes, sir.

THE COURT: Mr. Donald, are you satisfied with Mr. Poston's advice and his representation of you in this case?

MR. DONALD: Absolutely.

THE COURT: Mr. Poston, are you satisfied that Mr. Donald understands the charges and the elements of the offense charged and the legal meaning of the words used in the indictment?

MR POSTON: Yes, Your Honor. We spent two and a half hours before he signed the plea agreement yesterday.

MR. DONALD [sic]: Very well. Mr. Donald, I want to remind you of your constitutional rights at this time. You understand you have a right to plead not guilty to any offense charged against you. Then you would have the right to persist in that plea. That you would then have the right to a trial by jury during which you would also have the right to the assistance of counsel for your defense and you would have the right to see and hear all of the government's witnesses and have them cross-examined in your defense. You would have the right on your own part not to testify, unless you chose to do so in your own defense. You would also have the right to the issuance of subpoenas, that is compulsory process from the court, to compel the attendance of witnesses to come testify on your behalf.

You understand those rights?

MR. DONALD: Yes, sir.

THE COURT: You understand that by entering a plea of guilty, if that plea is accepted by the court, that there will be no trial and that you will have given up the right to a trial of any kind, as well as the rights associated to a trial that I have just described to you?

MR. DONALD: Yes, sir.

THE COURT: You understand you will also be giving up the right not to be compelled to incriminate yourself and the right to require the United States to prove you guilty beyond a reasonable doubt?

MR. DONALD: Yes, sir.

THE COURT: Mr. Donald, has any person, including an officer or agent of the government, put any pressure on you, either mental or physical, to force you to plead guilty?

MR. DONALD: No, sir.

THE COURT: Aside from this plea agreement, has any officer or agent of the government promised or suggested that you would receive a lighter sentence or other form of leniency, if you would plead guilty?

MR. DONALD: No, sir.

[Criminal Action No. 3:98-cr-102, Court File No. 113, Transcript of Change of Plea, pp. 3-8]. After this exchange, the government stated the factual basis for the plea [*id.* at 8-10], and then Donald admitted his guilt.

> THE COURT: All right. Mr. Donald, do you agree with the government summary of what you did?
>
> MR. DONALD: Yes, sir.
>
> THE COURT: Based upon that, how do you plead?
>
> MR. DONALD: Guilty.
>
> THE COURT: Do you understand what you are pleading guilty to?
>
> MR. DONALD: Yes, sir.
>
> THE COURT: Are you offering to plead guilty because you are in fact guilty?
>
> MR. DONALD: Yes, sir .

[*Id.* at 10]. Donald was then advised by the government of the minimum mandatory and maximum penalties he was facing. [*Id.* at 10-11].

The Court of Appeals for the Sixth Circuit has held that a defendant's sentence will not be vacated on the ground that the plea of guilty was coerced where the defendant was "carefully interrogated by the trial judge with respect to the offenses committed," where the defendant was represented by "competent counsel," and where the defendant "discussed the offenses freely and voluntarily and freely admitted guilt, while fully aware of [his] rights." *United States v. Parker*, 292 F.2d 2,3 (6th Cir. 1961). In addition, it is well-settled that where a court scrupulously follows the requirements of FED. R. CRIM. P. 11, "'the defendant is bound by his statements in response to that court's inquiry.'" *Baker v. United States*, 781

F.2d 85, 90 (6th Cir. 1986) (quoting *Moore v. Estelle*, 526 F.2d 690, 696-97 (5th Cir. 1976)). *See also Warner v. United States*, 975 F.2d 1207 (6th Cir. 1992) (defendant's "decision to lie to the district court cannot amount to prejudice"). Accordingly, Donald cannot now allege that his guilty plea was coerced by his attorney or that the plea was made without an understanding of the nature of the charges or the consequences of pleading guilty. Likewise, he cannot claim that he did not understand the nexus of interstate commerce with respect to the robbery charge. Thus, Donald has failed to demonstrate ineffective assistance of counsel under the standard established by the Supreme Court in *Strickland*.

*B. Jurisdiction*

Donald alleges the court lacked jurisdiction to convict him on the robbery charge. He relies on the Supreme Court decision in *United States v. Lopez*, 514 U.S. 549 (1995), for this proposition. Donald was convicted of interference with interstate commerce by robbery, in violation of the Hobbs Act, 18 U.S.C. § 1951. The Hobbs Act was not affected by the decision in *Lopez*. *See, e.g., United States v. Smith*, 182 F.3d 452, 456 (6th Cir. 1999) ("We join our sister circuits and hold that the *de minimis* standard for the interstate commerce effects of individual Hobbs Act violations survived *Lopez*."). Accordingly, Donald's allegation that the court lacked jurisdiction to convict him is without merit.

IV.     Conclusion

Donald is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**.  This action will be **DISMISSED**.  In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous.  A certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253.

**AN APPROPRIATE ORDER WILL ENTER.**

                                                       *s/ James H. Jarvis*
                                             UNITED STATES DISTRICT JUDGE